IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH L. D'ALESSANDRO,    )
                              )
        Plaintiff,         )
                              )
    v.                   ) Civ. No. 05-496-GMS
                              )
JUDGE J. CURTIS JOYNER,    )
et al.,                       )
                              )
        Defendants.    )

**MEMORANDUM**

Plaintiff Joseph L. D'Alessandro ("D'Alessandro") brings this action alleging the United States of America and numerous United States district judges and appellate justices violated his constitutional rights through discrimination, bias, prejudice, cronyism, collusion, "mis-prison of felony" and treason. He appears *pro se* and moves the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The motion for leave to proceed *in forma pauperis* is GRANTED.

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed without prejudice, as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    **THE COMPLAINT**

D'Alessandro's complaint is a rambling discourse complaining of the actions of the federal judiciary and the United States, replete with pages of case citations. He complains that he was deprived the right to be heard and was denied the right to due process when a hearing was not held in a civil case. D'Alessandro makes specific mention of two cases presided over by

Chief Judge Sue L. Robinson, U.S. District Judge for the District of Delaware, ("Chief Judge

Robinson"), and her actions in dismissing the cases: Civ No. 01-623-SLR, *D'Alessandro v. LL*

*Bean, Inc*. and Civ. No. 02-77-SLR, *D'Alessandro v. LL Bean, Inc.*   Next, D'Alessandro

complains that the Court of Appeals denied his appeal, and alleges that he had a right to present

*prima facie* evidence.   More generally, D'Alessandro alleges the defendants violated his

constitutional rights and violated federal law.   He seeks treble and punitive damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.   Section 1915(e)(2)(B) provides that the court may dismiss a

complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which

relief may be granted or seeks monetary relief from a defendant immune from such relief.   An

action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).   Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'"  *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   Inasmuch as

the plaintiff proceeds *pro se*, the court construes the complaint liberally.  *Haines v. Kerner*, 404

U.S. 519, 520 (1972).

## III.    ANALYSIS

### A.    Judicial Immunity

As is well known, federal judges possess absolute immunity. *Nixon v. Fitzgerald*, 457

U.S. 731, 757 n. 39 (1982).   "The doctrine of judicial immunity is founded upon the premise that

a judge, in performing his or her judicial duties, should be free to act upon his or her convictions

without threat of suit for damages." *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir.2000);

*see also Bradley v. Fischer,* 80 U.S. (13 Wall.) 335, 347 (1972). "Although unfairness and

injustice to a litigant may result on occasion, 'it is a general principle of the highest importance

to the proper administration of justice that a judicial officer, in exercising the authority vested in

him, shall be free to act upon his own convictions, without apprehension of personal

consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9-10 (1991) (citing *Bradley v. Fisher,* 80

U.S. at 347).

D'Alessandro takes exception to actions taken by the judges in the court proceedings

wherein he was a litigant.  In reading the complaint, it is clear that he complains of actions taken

by the district judges and appellate justices in their judicial capacity.  These defendants have

absolute immunity for those actions and, therefore, dismissal is appropriate.  The claims against

the district judges and appellate justices are both factually and legally frivolous.

### B.    Sovereign Immunity

D'Alessandro also names the United States as a defendant.  It is well established that an

action against the United States cannot be maintained unless the United States waives its

sovereign immunity. *United States v. Mitchell* (I), 445 U.S. 535, 538 (1980). A waiver of

sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citing *United*

*States v. King,* 395 U.S. 1, 4 (1969)). Moreover, "[i]t is axiomatic that the United States may not

be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."

*United States v. Mitchell* (II), 463 U.S. 206, 212 (1983).

There is no indication that the United States has consented to this lawsuit. Accordingly,

D'Alessandro is barred from suing the United States under the doctrine of sovereign immunity.

### C.    Malicious Litigation

D'Alessandro is a well-known litigant in this Court. Recently, the Court dismissed

Consolidated Civil Case Nos. 04-137-JJF and 04-616-JJF ("Consolidated Case") finding the

complaints were both frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

*D'Alessandro v. United States,* Civ.A. 04-137-JJF, Civ.A. 04-616-JJF, 2005 WL 984352 (D.Del.

Apr. 27, 2005). There, D'Alessandro raised basically the same allegations - that the United

States and various federal judges, in addition to other defendants, violated his constitutional

rights. In its April 27, 2005, Order, the court noted that D'Alessandro had filed eleven

complaints, and that many of those cases appeared to be either duplicative or related to the same

nucleus of operative facts. *Id.* Indeed, in the Consolidated Case, D'Alessandro alleged that

every federal judge who had ever been assigned to one of his cases had engaged in a conspiracy

to violate his constitutional rights. *Id.* D'Alessandro continues to raise this claim even though

the Consolidated Case and other prior lawsuits raising the same or similar claims have been

dismissed. *See D'Alessandro v. Robinson,* 210 F.Supp.2d 526 (D.Del. July 22, 2002);

*D'Alessandro v. United States,* Civ. No. 02-1334-JHR (*dismissed* June 25, 2003); *D'Alessandro v. United States,* Civ. No. 02-1388-JHR (*dismissed* June 25, 2003); *D'Alessandro v. United States,* Civ. No. 03-775-RFK (*dismissed* Feb. 17, 2004); and *D'Alessandro v. Federal Civil Panel,* Civ. No. 03-914-RFK (*dismissed* Feb. 17, 2004).

A complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993); *see also Banks v. Gillie,* Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Service,* No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

D'Alessandro's pattern of filing repetitive claims or claims arising out of a common nucleus operative facts, even though those claims have been dismissed, falls squarely in the category of malicious litigation. Moreover, the Honorable Joseph J. Farnan, Jr. of this court previously determined that D'Alessandro, in repeatedly filing similar complaints against the same or similar defendants, has demonstrated a "history of unsubstantiated and vexatious litigation." *See D'Alessandro v. United States,* Civ.A. 04-137-JJF, Civ.A. 04-616-JJF, 2005 WL 984352, at *4 (D.Del. Apr. 27, 2005) (citations omitted).

Based upon the foregoing, the court concludes that D'Alessandro's complaint is malicious within the meaning of Section 1915(e)(2)(B). It is, therefore, dismissed.

## V.    CONCLUSION

For the above stated reasons the court finds that the complaint is factually and legally frivolous, as well as malicious, and that dismissal is appropriate.    An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March  31 , 2006
Wilmington, Delaware

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH L. D'ALESSANDRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-496-GMS |
| | ) | |
| JUDGE J. CURTIS JOYNER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 31 day of March, 2006, for the reasons set forth in the

Memorandum issued this date;

    1.    The motion for leave to proceed *in forma pauperis* (D.I. 4) is GRANTED.

    2.    The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) as both frivolous and malicious.

UNITED STATES DISTRICT JUDGE